1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS BENSON, et al.,                    No. 2:14-cv-2495-TLN-KJN-PS

12              Plaintiffs,

13        v.                                   ORDER AND

14   OCWEN LOAN SERVICING, et al.,             FINDINGS AND RECCOMMENDATIONS

15              Defendants.

16

17          Through these findings and recommendations, the undersigned recommends that

18   plaintiffs' case be dismissed with prejudice and that this case be closed.[1]  Plaintiffs Thomas and

19   Marcella Benson twice failed to file an opposition to the motion to dismiss plaintiffs' complaint

20   pursuant to Rule 12(b)(6) filed by defendants Ocwen Loan Servicing, LLC, Mortgage Electronic

21   Registration Systems, Inc., and HSBC Bank USA, N.A. despite plaintiffs having been clearly

22   warned of the consequences for failing to do so.

23   I.     BACKGROUND

24          Plaintiffs, proceeding without counsel, filed their complaint on October 24, 2014, and paid

25   the filing fee.  (ECF No. 1.)  That same day, the court issued an order setting a status conference.

26   (ECF No. 4.)  That order advised the parties that "[f]ailing to obey federal or local rules, or [an]

27   _____

28   [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                                    1

1  order of this court, may result in dismissal of this action.  This court will construe pro se

2  pleadings liberally, but pro se litigants must comply with the procedural rules." (<u>Id.</u> at 3.)

3  Additionally, it cautioned the parties that "pursuant to Local Rule 230(c), opposition to granting

4  of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further

5  provides that 'no party will be entitled to be heard in opposition to a motion at oral arguments if

6  written opposition to the motion has not been timely filed by that party.'  Moreover, Local Rule

7  230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or

8  may result in sanctions." (<u>Id.</u>)  Finally, the order notified the parties that "Local Rule 110

9  provides that failure to comply with the Local Rules 'may be grounds for imposition of any and

10  all sanctions authorized by statute or Rule or within the inherent power of the Court.'" (<u>Id.</u>)

11       On November 26, 2014, defendants filed a motion to dismiss plaintiffs' complaint

12  pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  The motion to dismiss was

13  noticed for hearing on January 15, 2015.  (<u>Id.</u>)  On the same day, plaintiffs filed an ex parte

14  application for a temporary restraining order and preliminary injunction against defendants to

15  enjoin them from foreclosing on plaintiff's residential property loan that is the subject of the

16  present action. (ECF No. 10.)  The District Judge assigned to this matter denied this application

17  on December 1, 2014, on the grounds that plaintiffs failed to demonstrate a likelihood of success

18  on the merits.  (ECF No. 15.)

19       As noted above, pursuant to this court's Local Rules, plaintiffs were obligated to file and

20  serve a written opposition, or a statement of non-opposition, to the pending motion at least

21  fourteen (14) days prior to the hearing date, or January 1, 2015.  <u>See</u> E.D. Cal. L.R. 230(c).[2]

22  However, plaintiffs failed to file an opposition or statement of non-opposition to the motion by

23

24  [2] More specifically, Eastern District Local Rule 230(c) provides:

25       **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the
         motion shall be in writing and shall be filed and served not less than fourteen (14)
26       days preceding the noticed (or continued) hearing date.  A responding party who
         has no opposition to the granting of the motion shall serve and file a statement to
27       that effect, specifically designating the motion in question.  No party will be
         entitled to be heard in opposition to a motion at oral arguments if opposition to the
28       motion has not been timely filed by that party. . . .

2

1     that deadline.

2          As a result of plaintiffs' failure, but in light of their pro se status, the undersigned issued

3 an order on January 9, 2015, continuing the hearing on the motion to dismiss until February 19,

4 2015, and providing plaintiffs with an additional opportunity to file an opposition or statement of

5 non-opposition to the motion on or before February 5, 2015.  (ECF No. 16.)  In that order, the

6 undersigned specifically warned plaintiffs that their "failure to file a written opposition will be

7 deemed a statement of non-opposition to the pending motion and consent to the granting of the

8 motion [to dismiss], and shall constitute an additional ground for the imposition of appropriate

9 sanctions, including a recommendation that plaintiffs' case be involuntarily dismissed with

10 prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 3).  The order also advised

11 plaintiffs as follows:

12
13        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

14
15

16             Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

17
18
19

20        See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds).  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d

21
22
23
24
25

26
_____

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court
27 does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark
28 County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

1
2
683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);
3
4
Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure
5
6
41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

7
8
(Id. at 2-3.)  Although the February 5, 2015 deadline has now passed, the court's docket reveals that plaintiffs again failed to file an opposition to the motion to dismiss.[4]

9    II.    DISCUSSION

10         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

11   for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

12   comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

13   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

14   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

15   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

16   to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

17   with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

18   (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

19   an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639,

20   642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

21   habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

22   See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any

23

24
25
26
27
28
[4] The undersigned further notes that the court's orders have not been returned to the court as undeliverable.  Nevertheless, even if they had been, it is plaintiffs' duty to keep the court informed of their current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

4

1  order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

2  by statute or Rule or within the inherent power of the Court"); E.D. Cal. L.R. 183(a) (providing

3  that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local

4  Rules, and other applicable law may support, among other things, dismissal of that party's

5  action).

6        A court must weigh five factors in determining whether to dismiss a case for failure to

7  prosecute, failure to comply with a court order, or failure to comply with a district court's local

8  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

9
10      (1) the public's interest in expeditious resolution of litigation; (2) the court's need
   to manage its docket; (3) the risk of prejudice to the defendant; (4) the public
   policy favoring disposition of cases on their merits; and (5) the availability of less
11  drastic alternatives.

12  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

13  1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

14  conditions precedent before the judge can do anything, but a way for a district judge to think

15  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

16  (9th Cir. 2006).

17        Although involuntary dismissal can be a harsh remedy, on balance the five relevant

18  factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal

19  of this action.  Plaintiffs' repeated failure to oppose defendant's motion to dismiss, despite clear

20  warnings of the consequences, strongly suggests that plaintiffs have abandoned this action or are

21  not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990

22  (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

23  dismissal").  Any further time spent by the court on this case, which plaintiffs have demonstrated

24  a lack of any serious intention to pursue, will consume scarce judicial resources and take away

25  from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have

26  inherent power to manage their dockets without being subject to noncompliant litigants).

27        In addition, the third factor, which considers prejudice to a defendant, should be given

28  some weight.  See Ferdik, 963 F.2d at 1262.  Here, defendants have been named in a lawsuit that

1    plaintiffs have effectively abandoned.  At a minimum, defendants have been prevented from

2    attempting to resolve this case on the merits by plaintiffs' unreasonable delay in prosecuting this

3    action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine

4    (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

5        The fifth factor, which considers the availability of less drastic measures, also supports

6    dismissal of this action.  As noted above, the court has actually pursued remedies that are less

7    drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132

8    (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually

9    tries alternatives before employing the ultimate sanction of dismissal").  Before recommending

10   dismissal, the court granted plaintiffs an additional opportunity to oppose the motion to dismiss

11   and advised plaintiffs that they were required to actively prosecute the action and follow the

12   court's orders.  It also warned plaintiffs in clear terms that failure to oppose the motion to dismiss,

13   or file a statement of non-opposition to the motion, would result in a recommendation of

14   dismissal of the action with prejudice.  Warning a plaintiff that failure to take steps towards

15   resolution of his or her action on the merits will result in dismissal satisfies the requirement that

16   the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also

17   suggest that a district court's warning to a party that his failure to obey the court's order will

18   result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone,

19   833 F.2d at 132-33).  In any event, the court finds no suitable alternative to a recommendation for

20   dismissal at this juncture.  Because plaintiffs have not made any attempt to comply with the

21   court's prior orders, the court has little confidence that plaintiffs would pay monetary sanctions if

22   they were to be imposed in lieu of dismissing the case.

23       The court also recognizes the importance of giving due weight to the fourth factor, which

24   addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

25   set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

26   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

27   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

28   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

1    omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

2    public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

3    anything, a disposition on the merits has been hindered by plaintiffs' own failure to prosecute the

4    case and comply with court orders.  Moreover, given the assigned District Judge's denial of

5    plaintiffs' application for a temporary restraining order and preliminary injunction on the basis

6    that plaintiffs failed to show a likelihood of success on the merits, the court has grave concerns

7    regarding the merits of plaintiffs' claims.

8    III.    CONCLUSION

9          For the foregoing reasons, IT IS HEREBY ORDERED that:

10          1.      The February 19, 2015 hearing on defendants' motion to dismiss is VACATED.

11          2.      The March 12, 2015 status (pretrial scheduling) conference is VACATED.  If

12    necessary, the court will reset the date of that conference.

13          IT IS ALSO HEREBY RECOMMENDED that:

14          1.      Plaintiffs' action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of

15    Civil Procedure 41(b) for failure to prosecute the action and failure to follow the Local Rules and

16    the court's orders.

17          2.      Defendants' motion to dismiss (ECF No. 12) be DENIED AS MOOT.

18          3.      The Clerk of Court be directed to close this case and vacate all dates.

19          These findings and recommendations are submitted to the United States District Judge

20    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

21    days after being served with these findings and recommendations, any party may file written

22    objections with the court and serve a copy on all parties.  Such a document should be captioned

23    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24    shall be served on all parties and filed with the court within fourteen (14) days after service of the

25    objections.  The parties are advised that failure to file objections within the specified time may

26    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

27    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

28    ////

1      IT IS SO ORDERED AND RECOMMENDED.

2   Dated:  February 9, 2015

3

4                                           KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    8