1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS BENSON, et al.,                    No. 2:14-cv-2495-TLN-KJN PS

12              Plaintiffs,

13        v.                                   ORDER AND

14   OCWEN LOAN SERVICING, LLC, et al.,        FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiffs Thomas and Marcella Benson, who proceed without counsel, commenced this

18   action on October 24, 2014.  (ECF No. 1.)  On November 26, 2015, defendants filed a motion to

19   dismiss plaintiffs' complaint pursuant to Rule 12(b)(6).  (ECF No. 12.)  Plaintiffs twice failed to

20   file an opposition to this motion to dismiss, despite plaintiffs having been clearly warned of the

21   consequences for failing to do so.  Accordingly, on February 10, 2015, the undersigned issued

22   findings and recommendations recommending that this action be dismissed with prejudice

23   pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 17.)  However, the undersigned

24   vacated these findings and recommendations after defendants filed a notice of settlement on

25   February 11, 2015 stating that the parties had reached a settlement agreement and that a request

26   for dismissal of this action would be forthcoming.  (ECF Nos. 18, 19.)  On June 9, 2015,

27   defendants filed a renewed motion to dismiss because "[p]laintiffs failed to duly execute the

28   settlement agreement and complete the settlement."  (ECF No. 20 at 2.)  Defendants noticed this

1

1    renewed motion for a hearing to take place before the undersigned on August 27, 2015.  (ECF

2    No. 20.)  Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written

3    opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior

4    to the hearing date, or August 13, 2015.  <u>See</u> E.D. Cal. L.R. 230(c).  The court's docket reveals

5    that plaintiffs for a third time failed to file a written opposition or statement of non-opposition to

6    defendants' motion.  Because of this repeated failure, and for the reasons set forth below, the

7    undersigned recommends that plaintiffs' case be dismissed with prejudice and that this case be

8    closed.

9    I.    <u>BACKGROUND</u>

10       Plaintiffs commenced this action on October 24, 2014.  (ECF No. 1.)  That same day, the

11   court issued an order setting a status conference.  (ECF No. 4.)  That order advised the parties that

12   "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this

13   action.  This court will construe pro se pleadings liberally, but pro se litigants must comply with

14   the procedural rules."  (<u>Id.</u> at 3.)  Additionally, it cautioned the parties that "pursuant to Local

15   Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed

16   hearing date.  The Rule further provides that 'no party will be entitled to be heard in opposition to

17   a motion at oral arguments if written opposition to the motion has not been timely filed by that

18   party.'  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of

19   opposition to the motion or may result in sanctions."  (<u>Id.</u>)  Finally, the order notified the parties

20   that "Local Rule 110 provides that failure to comply with the Local Rules 'may be grounds for

21   imposition of any and all sanctions authorized by statute or Rule or within the inherent power of

22   the Court.'"  (<u>Id.</u>)

23       On November 26, 2014, defendants filed a motion to dismiss plaintiffs' complaint

24   pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  The motion to dismiss was

25   noticed for hearing on January 15, 2015.  (<u>Id.</u>)  As noted above, pursuant to this court's Local

26   Rules, plaintiffs were obligated to file and serve a written opposition, or a statement of non-

27   opposition, to the pending motion at least fourteen (14) days prior to the hearing date.  <u>See</u> E.D.

28   Cal. L.R. 230(c).  However, plaintiffs failed to file an opposition or statement of non-opposition

1    to the motion by that deadline.

2           As a result of plaintiffs' failure, but in light of their pro se status, the undersigned issued

3    an order on January 9, 2015, continuing the hearing on the motion to dismiss until February 19,

4    2015, and providing plaintiffs with an additional opportunity to file an opposition or statement of

5    non-opposition to the motion on or before February 5, 2015.  (ECF No. 16.)  In that order, the

6    undersigned specifically warned plaintiffs that their "failure to file a written opposition will be

7    deemed a statement of non-opposition to the pending motion and consent to the granting of the

8    motion, and shall constitute an additional ground for the imposition of appropriate sanctions,

9    including a recommendation that plaintiffs' entire case be involuntarily dismissed with prejudice

10   pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 3).  The order also advised plaintiffs

11   as follows:

12            Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to
             comply with these Rules or with any order of the Court may be grounds for
13           imposition by the Court of any and all sanctions authorized by statute or Rule or
             within the inherent power of the Court."  Moreover, Eastern District Local Rule
14           183(a) provides, in part:

15                   Any individual representing himself or herself without an attorney
16                   is bound by the Federal Rules of Civil or Criminal Procedure, these
                     Rules, and all other applicable law.  All obligations placed on
17                   "counsel" by these Rules apply to individuals appearing in propria
                     persona.  Failure to comply therewith may be ground for dismissal,
18                   judgment by default, or any other sanction appropriate under these
                     Rules.
19

20           See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must
             follow the same rules of procedure that govern other litigants") (overruled on other
21           grounds).  Case law is in accord that a district court may impose sanctions,
             including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of
22           Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails
             to comply with the court's orders, the Federal Rules of Civil Procedure, or the
23           court's local rules.[1]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
             (recognizing that a court "may act sua sponte to dismiss a suit for failure to
24           prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d
25

26   _____
     [1]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court
27   does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
     Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark
28   County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

                                                    3

683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

(Id. at 2-3.)  The February 5, 2015 deadline passed, and plaintiffs again failed to file an opposition to the motion to dismiss.  Accordingly, on February 10, 2015, the undersigned issued findings and recommendations recommending that this entire action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiffs' repeated failure to file an opposition to the motion to dismiss.  (ECF No. 17.)  However, the undersigned vacated these findings and recommendations on February 20, 2015 after defendants filed a notice of settlement stating that the parties reached a settlement agreement and that a voluntary dismissal would be forthcoming.  (ECF Nos. 18, 19.)

As noted above, on June 9, 2015, defendants renewed their motion to dismiss because "[p]laintiffs failed to duly execute the settlement agreement and complete the settlement."  (ECF No. 20 at 2.)  Defendants noticed this renewed motion for a hearing to take place before the undersigned on August 27, 2015.  (ECF No. 20.)  Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, or August 13, 2015.  See E.D. Cal. L.R. 230(c).  However, plaintiffs failed to file an opposition or statement of non-opposition to the motion by that deadline.

II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte*

4

to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiffs' repeated failure to oppose defendants' motion to dismiss, despite clear

1    warnings of the consequences, strongly suggests that plaintiffs have abandoned this action or are

2    not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990

3    (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors

4    dismissal").  Plaintiffs' failure to execute the parties' settlement agreement further indicates their

5    lack of interest in pursuing this action any further.  Any more time spent by the court on this case,

6    which plaintiffs have demonstrated a lack of any serious intention to pursue, will consume scarce

7    judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261

8    (recognizing that district courts have inherent power to manage their dockets without being

9    subject to noncompliant litigants).

10        In addition, the third factor, which considers prejudice to the defendants, should be given

11   some weight.  See Ferdik, 963 F.2d at 1262.  Here, defendants have been named in a lawsuit that

12   plaintiffs have effectively abandoned.  At a minimum, defendants have been prevented from

13   attempting to resolve this case on the merits by plaintiffs' unreasonable delay in prosecuting this

14   action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine

15   (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

16        The fifth factor, which considers the availability of less drastic measures, also supports

17   dismissal of this action.  As noted above, the court has actually pursued remedies that are less

18   drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132

19   (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually

20   tries alternatives before employing the ultimate sanction of dismissal").  Before initially

21   recommending dismissal, the court granted plaintiffs an additional opportunity to oppose the

22   motion to dismiss and advised plaintiffs that they were required to actively prosecute the action

23   and follow the court's orders.  It also warned plaintiffs in clear terms that failure to oppose the

24   motion to dismiss, or file a statement of non-opposition to the motion, would result in a

25   recommendation of dismissal of the action with prejudice.  The court later vacated its

26   recommendation for dismissal in light of the parties' notice of settlement and provided plaintiffs

27   yet another opportunity to oppose defendants' motion to dismiss after they renewed it in light of

28   plaintiffs' failure to execute the parties' settlement agreement.  The court once again warned

1   plaintiffs of the consequences for failing to file an opposition or statement of non-opposition.

2   Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits

3   will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g.,

4   Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party

5   that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of

6   alternatives' requirement") (citing Malone, 833 F.2d at 132-33).  In any event, the court finds no

7   suitable alternative to a recommendation for dismissal at this juncture.  Because plaintiffs have

8   not made any attempt to comply with the court's prior orders, the court has little confidence that

9   plaintiffs would pay monetary sanctions if they were to be imposed in lieu of dismissing the case.

10          The court also recognizes the importance of giving due weight to the fourth factor, which

11  addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

12  set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

13  of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

14  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

15  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

16  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

17  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

18  anything, a disposition on the merits has been hindered by plaintiffs' own failure to prosecute the

19  case and comply with court orders.

20  III.    CONCLUSION

21          For the foregoing reasons, IT IS HEREBY ORDERED that the August 27, 2015 hearing

22  on defendants' renewed motion to dismiss is VACATED.

23          Furthermore, IT IS HEREBY RECOMMENDED that:

24          1.      Plaintiffs' action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of

25  Civil Procedure 41(b) for failure to prosecute the action and failure to follow the Local Rules and

26  the court's orders.

27          2.      Defendants' motions to dismiss (ECF No. 12 and 20) be DENIED AS MOOT.

28          3.      The Clerk of Court be directed to close this case and vacate all dates.

1        These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served on all parties and filed with the court within fourteen (14) days after service of the

7   objections.  The parties are advised that failure to file objections within the specified time may

8   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

9   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10        IT IS SO ORDERED AND RECOMMENDED.

11  Dated:  August 18, 2015

12

13                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8